IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KALOKO HEIGHTS COMMUNITIES, LLC, a Hawaii Limited Liability Company, | ) ) ) ) | CIVIL NO. 23-00290 JAO-WRP |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | FINDINGS AND RECOMMENDATION TO DENY |
| TBG VISIONS, INC., a New York Incorporated Company; REX OLIVER; MICHAEL ERHARD; and DOES 1-10, inclusive, | ) ) ) ) ) ) | DEFENDANT MICHAEL ERHARD'S MOTION TO DISMISS |
| Defendants, | ) ) ) | |
| TBG VISIONS, INC., a New York Incorporated Company, and REX OLIVER, | ) ) ) ) | |
| Third-Party Plaintiffs, | ) ) ) | |
| vs. | ) ) ) | |
| LUCAS BENJAMIN NELSON, individually and as shareholder and director of Pacific Cove Communities, Inc, a Hawaii corporation, | ) ) ) ) ) ) | |
| Third-Party Defendant. | ) ) | |

## FINDINGS AND RECOMMENDATION TO DENY DEFENDANT
MICHAEL ERHARD'S MOTION TO DISMISS

Before the Court is pro se Defendant Michael Erhard's ("Defendant Erhard" or "Erhard") Motion to Dismiss, filed June 17, 2025 (Motion). See Def. Erhard's Mot., ECF No. 82. Plaintiff Kaloko Heights Communities, LLC (Plaintiff) filed its Opposition on July 3, 2025. See Pl.'s Opp'n, ECF No. 86. Third-party defendant Lucas Benjamin Nelson filed a joinder to Plaintiff's Opposition on July 7, 2025. See Def. Nelson's Joinder, ECF No. 87. Defendant Erhard did not file a reply memorandum. The Court finds the Motion suitable for disposition without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice of the United States District Court for the District of Hawaii. After careful consideration of the submissions of the parties and the applicable legal authority, the Court FINDS and RECOMMENDS that Defendant Erhard's Motion be DENIED.

## BACKGROUND

The claims against Defendant Erhard arise from his alleged role, along with Defendants TBG Visions, Inc. ("Defendant TBG" or "TBG") and Rex Oliver ("Defendant Oliver" or "Oliver") (collectively, referred to as "Defendants"), in breaching financing agreements and making fraudulent and/or negligent misrepresentations to Plaintiff. See Compl., ECF No. 1.

2

According to the Complaint, Defendant Erhard is an alleged shareholder and partner of Defendant TBG, jointly controls TBG with Defendant Oliver, and is personally liable as TBG's alter ego.  See id. ¶¶ 7, 25-29.

In November 2022, Plaintiff and TBG entered into financing agreements under which TBG agreed to provide millions of dollars in funding to Plaintiff by December 2022 for a project Plaintiff was developing.  See id. ¶¶ 16-19.

According to Plaintiff, on December 19, 2022, Defendant Erhard, allegedly acting as TBG's representative, breached the financing agreements by sending an email stating: "This letter is to inform you that TBG is **NOT financing** your above mentioned development.  **Not now – never!!!**," thereby repudiating the financing agreements between Plaintiff and TBG.  Id. ¶¶ 31-45 (emphasis in original).   Plaintiff further alleges that Defendants' failure to fund Plaintiff in accordance with those agreements forced Plaintiff to breach other contracts with third parties and jeopardized funding for Plaintiff's project.  See id.

Plaintiff also claims that, in October 2022, Defendant Erhard participated in making false representations to Plaintiff that TBG had earned a $600 million fee from a "copper-powder" mine deal and would receive it within seven to ten days.  Id. ¶¶ 47-54.  According to Plaintiff, Defendants either knew

these statements were false or made them negligently to induce Plaintiff to sign the subject financing agreements.  See id. ¶¶ 47-61.

Plaintiff seeks $150,000,000 in compensatory damages as well as punitive damages from Defendants.  See id. at 12.

Although the present Motion is styled as a "Motion to Dismiss," Defendant Erhard does not identify the procedural rule on which it is based.

DISCUSSION

"A motion to dismiss made pursuant to [Federal Rules of Civil Procedure (FRCP)] Rule 12(b)(6) must be filed before the answer or other responsive pleading is filed."  Black v. City & Cnty. of Honolulu, 112 F. Supp. 2d 1041, 1046 (D. Haw. 2000).  "[W]here a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted is filed after an answer is filed, a court may deny the motion to dismiss as untimely, or the court may consider the Rule 12(b)(6) motion to dismiss as a motion for judgment on the pleadings pursuant to [FRCP Rule] 12(c)."  Beery v. Hitachi Home Elecs. (Am.), Inc., 157 F.R.D. 477, 479 (C.D. Cal. 1993).

Here, Defendant Erhard filed his Answer to the Complaint on February 13, 2024.  See Def. Erhard's Answer, ECF No. 28.  The Motion, filed on June 17, 2025–16 months later–is therefore untimely.  Accordingly, to the extent

4

Defendant Erhard seeks dismissal of the claims against him pursuant to a Rule 12(b)(6) motion to dismiss, the Court FINDS and RECOMMENDS that the Motion be DENIED as untimely.

Construing Defendant Erhard's Motion liberally, as the Court is required to do for pro se parties, the Court also construes the Motion as a motion for judgment on the pleadings pursuant to FRCP Rule 12(c).  See Sullivan v. Fed. Bureau of Prisons, No. CV 20-00269 LEK-KJM, 2021 WL 1536572, at *2 (D. Haw. Apr. 19, 2021) (citing Blaisdell v. Frappiea, 729 F.3d 1237, 1241 (9th Cir. 2013) ("Courts in this circuit have an obligation to give a liberal construction to the filings of pro se litigants.")); see also Beery, 157 F.R.D. at 479.

"A Fed. R. Civ. P. 12(c) motion for judgment on the pleadings 'is functionally identical' [to] a Fed. R. Civ. P. 12(b)(6) motion to dismiss, and 'the same standard of review applies to motions brought under either rule.'"  Hawaii Fit Four LLC v. Ford, No. CV 16-00607 LEK-RLP, 2017 WL 11113671, at *5 (D. Haw. June 27, 2017) (citing Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 n.4 (9th Cir. 2011)).  "A motion for judgment on the pleadings under [FRCP Rule] 12(c) is a means to challenge the sufficiency of the complaint after an answer has been filed."  Surnow v. Buddemeyer, 380 F. Supp. 3d 1058, 1063 (D. Haw. 2019).

5

The court views such motions in the light most favorable to the non-moving party, accepting the non-moving party's allegations as true and deeming any denied allegations of the moving party to be false.  See Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1989); Pantastico v. Dep't of Educ., 406 F. Supp. 3d 865, 877 (D. Haw. 2019) (citing Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009)).  The court must determine "whether the factual allegations of the complaint, together with all reasonable inferences, state a plausible claim for relief" against the moving party.  Surnow, 380 F. Supp. 3d at 1063.  "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law."  Hal Roach Studios, Inc., 896 F.2d at 1550.

The substance of Defendant Erhard's Motion consists of three sentences which argue that Erhard has no knowledge of this case, he never signed any paperwork with Plaintiff, and that he was defending his friend, Oliver, when he sent the December 19, 2022 email.  See Def. Erhard's Mot., ECF No. 82 at 1; see Def. Erhard's Answer, ECF No. 28 (admitting that he sent the December 19, 2022 email).

Plaintiff responds that Defendant Erhard's arguments fail to challenge

6

the legal sufficiency of the claims set forth in the Complaint.  See Pl.'s Opp'n,

ECF No. 86 at 6.  Instead, Plaintiff contends that Erhard simply raises immaterial

defenses such as that he was coming to the defense of his friend, Defendant Oliver.

See id.

      In viewing the Motion in a light most favorable to Plaintiff, accepting

Plaintiff's allegations in the Complaint as true and deeming Defendant Erhard's

denied allegations to be false, the Court finds that Erhard has failed to "clearly

establish[] on the face of the pleadings that no material issue of fact remains to be

resolved and that [Defendant Erhard] is entitled to judgment as a matter of law."

Hal Roach Studios, Inc., 896 F.2d at 1550.  At most, Defendant Erhard simply

reiterates statements made in his Answer.  There, Erhard denied all allegations in

the Complaint but admitted to sending the December 19, 2022 email, where he–

appearing to act on behalf of Defendant TBG–states that TBG will not finance

Plaintiff's development.  See Compl., ECF No. 1 ¶ 32; Def. Erhard's Answer, ECF

No. 28.  Given this admission, the Court affords little weight to Defendant

Erhard's assertion that he "ha[s] no knowledge and no information of this case[.]"

Def. Erhard's Mot., ECF No. 82 at 1.

      Moreover, the Court finds that the Complaint states plausible claims

against Defendant Erhard for breach of contract and fraudulent and/or negligent

misrepresentation.  <u>See</u> <u>Surnow</u>, 380 F. Supp. 3d at 1063.  The Complaint alleges that Defendant Erhard is a controlling shareholder of Defendant TBG and that TBG breached various financing agreements with Plaintiff by agreeing to fund Plaintiff's project and then reneging on that commitment.  <u>See</u> Compl., ECF No. 1 ¶¶ 16-44.  The Complaint further states that TBG made false and/or negligent misrepresentations to Plaintiff about its capitalization and that Defendants, including Erhard, were aware that said statements were false and/or that Defendants had no reasonable grounds to believe the representations were true at the time they were made.  <u>See</u> <u>id.</u> ¶¶ 47-61.  Aside from Defendant Erhard's unsupported denial of knowledge of this case, no other facts have been refuted.

Accordingly, to the extent Defendant Erhard seeks dismissal of the claims against him pursuant to a Rule 12(c) motion for judgment on the pleadings, the Court FINDS and RECOMMENDS that the Motion be DENIED.

## CONCLUSION

Based on the foregoing, the Court FINDS and RECOMMENDS that

Defendant Erhard's Motion to Dismiss, ECF No. 82, be DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 13, 2025.



Wes Reber Porter
United States Magistrate Judge

Kaloko Heights Communities, LLC, et al. v. TBG Visions, INC., et al.; Civ. No. 23-
00290 JAO-WRP; FINDINGS AND RECOMMENDATION TO DENY DEFENDANT
MICHAEL ERHARD'S MOTION TO DISMISS.