IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KALOKO HEIGHTS COMMUNITIES, LLC, a Hawaii Limited Liability Company, | ) ) ) ) | CIVIL NO. 23-00290 JAO-WRP |
| Plaintiff, | ) ) | FINDINGS AND RECOMMENDATION TO (1) |
| vs. | ) ) ) | ENTER DEFAULT AGAINST DEFENDANT TBG VISIONS, INC. |
| TBG VISIONS, INC., a New York Incorporated Company; REX OLIVER; MICHAEL ERHARD; and DOES 1-10, INCLUSIVE, | ) ) ) ) ) ) | AS TO THE CLAIMS ASSERTED AGAINST IT IN THE COMPLAINT AND (2) DISMISS THIRD-PARTY PLAINTIFF TBG VISIONS, INC.'S CLAIMS IN THE |
| Defendants. | ) ) | THIRD-PARTY COMPLAINT |
| TBG VISIONS, INC., a New York Incorporated Company, and REX OLIVER, | ) ) ) ) | |
| Third-Party Plaintiffs, | ) ) | |
| vs. | ) ) | |
| LUCAS BENJAMIN NELSON, individually and as shareholder and director of Pacific Cove Communities, Inc, a Hawaii corporation, | ) ) ) ) ) | |
| Third-Party Defendant. | ) ) ) | |

FINDINGS AND RECOMMENDATION TO (1) ENTER DEFAULT AGAINST
DEFENDANT TBG VISIONS, INC. AS TO THE CLAIMS ASSERTED
AGAINST IT IN THE COMPLAINT AND (2) DISMISS THIRD-PARTY
PLAINTIFF TBG VISIONS, INC.'S CLAIMS IN THE THIRD-PARTY
<u>COMPLAINT</u>

On August 21, 2025, a hearing was held on this Court's June 23, 2025

Order to Show Cause, which directed Defendant / Third-Party Plaintiff TBG

Visions, Inc. (TBG Visions, Inc.) to show cause, if any, why default should not be

entered against it and why its third-party claims should not be dismissed for failure

to be represented by counsel (Show Cause Hearing). <u>See</u> Order to Show Cause,

ECF No. 85; Minutes, ECF No. 96. TBG Visions, Inc.'s representative did not

appear at the hearing or otherwise respond to the Court's Order to Show Cause. At

the hearing, Allison Ito and Mark Fields appeared on behalf of Plaintiff, and

Defendant Michael Erhard appeared, Pro Se, but Defendant / Third-Party Plaintiff

Rex Oliver (Oliver), Pro Se, and Third-Party Plaintiff Lucas Nelson (Nelson) did

not appear.

<u>DISCUSSION</u>

As discussed in detail below, the Court FINDS and RECOMMENDS

that DEFAULT be entered against TBG Visions, Inc. as to the claims asserted

against it in the Complaint, and that TBG Visions, Inc.'s claims in the Third-Party

Complaint against Third-Party Defendant Lucas Nelson be DISMISSED

WITHOUT PREJUDICE.[1]

## I. The Court FINDS AND RECOMMENDS that Default Be Entered Against Defendant TBG Visions, Inc. as to the Claims Asserted Against It in the Complaint.

Federal Rule of Civil Procedure 55(a) provides that default must be entered against a party who fails to plead or otherwise defend an action.  Fed. R. Civ. P. 55(a).  As detailed in the Court's Order to Show Cause, as a corporation, TBG Visions, Inc. cannot appear without counsel admitted to practice in this district.  See LR83.5(b); see also Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); In re Am. W. Airlines, 40 F.3d 1058, 1059 (9th Cir. 1994) (per curiam) ("Corporations and other unincorporated associations must appear in court through an attorney.").  Although the Court provided TBG Visions, Inc. with ample opportunity to obtain new counsel, no substitute counsel has made

_____

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court.  A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

an appearance on its behalf.  Accordingly, the Court FINDS that entry of default against Defendant TBG Visions, Inc. for failure to defend this action is appropriate.  The Court RECOMMENDS that the district court enter DEFAULT against Defendant TBG Visions, Inc. as to the claims asserted against it in the Complaint, ECF No. 1.[2]

## II. The Court FINDS AND RECOMMENDS that TBG Visions, Inc.'s Claims in the Third-Party Complaint be DISMISSED WITHOUT PREJUDICE.

On June 14, 2024, Defendants TBG Visions, Inc. and Rex Oliver filed the Third-Party Complaint against Third-Party Defendant Lucas Nelson. Third-Party Complaint, ECF No. 41.  Although Oliver can proceed pro se in this litigation and may continue to assert his third-party claims, TBG Visions, Inc.

---

[2] Although entry of default is appropriate, default judgment may be premature.  See Valvanis v. Milgroom, No. CIV.06-00144JMS-KSC, 2008 WL 2150952, at *2-5 (D. Haw. May 20, 2008) (denying motion for default judgment against one defendant as premature based on related pending claims against the remaining defendant); Ferrari Fin. Servs., Inc. v. Yokoyama, 2018 WL 4610870, at *2-3 (D. Haw. Sept. 6, 2018), report and recommendation adopted by, 2018 WL 4609933 (D. Haw. Sept. 25, 2018) ("judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all . . . defendants who are 'similarly situated'" (citations omitted)).  Therefore, if Plaintiff files a motion for default judgment against TBG Visions, Inc. while other claims remain pending in this case, Plaintiff shall include legal authority establishing such motion is not premature.

cannot.  Federal Rule of Civil Procedure 41(b) authorizes involuntary dismissal for failure "to prosecute or to comply with [the federal] rules or a court order[.]"  Fed. R. Civ. P. 41(b).  Rule 41(b) grants courts the authority to sua sponte dismiss actions for failure to prosecute or for failure to comply with court orders.  See Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984); Kriege v. State of Haw. Consumer Prot. Div., 2017 WL 2703771, at *2 (D. Haw. 2017), *adopted by*, 2017 WL 2695286 (D. Haw. 2017).  The court must weigh five factors to determine whether to dismiss a case for lack of prosecution or failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the availability of less drastic alternatives; and (5) the public policy favoring the disposition of cases on their merits.  See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

Here, dismissal of TBG Visions, Inc.'s third-party claims is appropriate given its failure to appear at the Show Cause Hearing and failure to retain counsel to appear on its behalf in this litigation as directed in the Order Granting Motion to Withdraw as Counsel, ECF No. 85.  First, the public's interest in expeditious resolution of this litigation weighs in favor of dismissal because this case has been pending more than two years and TBG Visions, Inc.'s failure to

secure counsel has resulted in additional delays.  Second, TBG Visions, Inc.'s

failure to appear and failure to retain counsel has interfered with the Court's ability

to manage its docket.  Third, the risk of prejudice to Plaintiff and Third-Party

Defendant Nelson weighs in favor of dismissal.  TBG Visions, Inc.'s inaction has

impaired Plaintiff and Nelson's ability to proceed to trial and threatens to interfere

with the resolution of this case.  See Pagtalunan, 291 F.3d at 642 (citing Malone v.

United States Postal Serv., 833 F.2d 128, 131 (9th Cir. 1987)).  Fourth, less drastic

sanctions are not appropriate given TBG Visions, Inc.'s failure to appear before the

Court because any lesser sanction would not compel TBG Visions, Inc. to take the

necessary steps to comply with the Court's prior orders.  Finally, although public

policy generally favors disposition on the merits, because four of the factors weigh

in favor of dismissal, and under the particular facts of this case, the Court

concludes that dismissal of TBG Visions, Inc.'s third-party claims is appropriate.

Accordingly, the Court FINDS that dismissal is appropriate and RECOMMENDS

that the district court dismiss TBG Visions, Inc.'s third-party claims against Third-

Party Defendant Nelson without prejudice.  As noted above, Third-Party Plaintiff

Oliver may continue to assert his third-party claims against Third-Party Defendant

Nelson.

6

CONCLUSION

The Court FINDS and RECOMMENDS that DEFAULT be entered against TBG Visions, Inc. as to the claims asserted against it in the Complaint, and that TBG Visions, Inc.'s claims in the Third-Party Complaint against Third-Party Defendant Lucas Nelson be DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b).

The Court DIRECTS the Clerk's Office to serve a copy of this Findings and Recommendation on TBG Visions, Inc. via certified mail at the following address:

> TBG VISIONS, INC.
> c/o Rex Oliver
> 1127 Southeast 14th Street
> Cape Coral, Florida 33990
> (518) 429-3634

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, August 21, 2025.



Wes Reber Porter
United States Magistrate Judge

Kaloko Heights Communities, LLC, et al. v. TBG Visions, INC, et al.; Civ. No. 23-00290 JAO-WRP; FINDINGS AND RECOMMENDATION TO (1) ENTER DEFAULT AGAINST DEFENDANT TBG VISIONS, INC. AS TO THE CLAIMS ASSERTED AGAINST IT IN THE COMPLAINT AND (2) DISMISS THIRD-PARTY PLAINTIFF TBG VISIONS, INC.'S CLAIMS IN THE THIRD-PARTY COMPLAINT.

7